UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS GRAVES, | ) |
|       Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-977-JMS-TAB |
| UNITED STATES of AMERICA, | ) |
|       Respondent. | ) |

**Entry Dismissing Motion to Vacate under
28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I.  The § 2255 Motion**

On February 13, 2004, Curtis Graves was convicted of drug offenses in No. 1:02-cr-127-JMS-KPF-1 after a trial by jury. He was sentenced to a term of 360 months. The Seventh Circuit affirmed Grave's conviction, but vacated his sentence and remanded the matter for re-sentencing. Graves was re-sentenced and that sentence was affirmed by the Seventh Circuit on June 19, 2006. He now seeks relief pursuant to 28 U.S.C. § 2255. His motion is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Courts.*

Graves previously filed an action for relief pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel. It was dismissed with prejudice in No. 1:07-cv-1217-JMS-MJD on February 8, 2011.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or

successive [habeas] applications in the district court.'" *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). A subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged. *See Dahler v. U.S.,* 259 F.3d 763 (7th Cir. 2001).

As the foregoing shows, the present action is another attempt to collaterally challenge No. 1:02-cr-127-JMS-KPF-1. However, it is presented without authorization to proceed from the Court of Appeals. Accordingly, the action must be **dismissed for lack of jurisdiction** and the action summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

**This entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:02-cr-127-JMS-KPF-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Graves has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 06/30/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Curtis Graves
Reg. No. 07039-028
U.S.P. Marion
P.O. Box 1000
Marion, Illinois 62959